**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH KOHLER,** | : | Civil Action No.  2:21-395 |
| **377 Brick Church Road** | : | |
| **Ford City, PA 16226** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **HUNT'S HILLTOP SERVICE, LLC,** | : | |
| **333 Route 66** | : | |
| **Leechburg, PA 15656** | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Kenneth Kohler (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, brings this civil matter against Hunt's Hilltop Service, LLC (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant is a convenience store with a location and corporate headquarters located at 333 Route 66, Leechburg, PA 15656.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the Americans with Disabilities Act of 1990, as amended, ("ADA") and the Pennsylvania Human Relations Act.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination against Defendant.

14. The Complaint was assigned a Charge Number of 533-2020-01083 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated December 21, 2020. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In May 2018, Defendant hired Plaintiff in the position of Gas Technician.

21. Plaintiff was well qualified for his position and performed well.

22. In or around August 2018, Plaintiff also began to perform the job duties of a Cashier.

23. Plaintiff was well qualified for his position and continued to perform well.

24. In or around early January 2019, Plaintiff began to suffer severe sciatica down his right leg and weakness in his right foot.

25. On January 29, 2019, Plaintiff was forced to undergo emergency micro diskectomy surgery at Armstrong Center for Medicine & Health ("ACMH") Hospital to treat a significantly herniated disk at L4-L5.

26. The surgery was performed by Dr. Curt P. Conry.

27. Plaintiff informed Paul Hunt, Owner, and Gabriel Hunt, Manager, that he was required to have this surgery and was placed on a medical leave of absence.

28. They both informed Plaintiff that it was fine and to return to work when he was medically cleared.

29. Plaintiff returned to work approximately 5 weeks later.

30. In or around the end of August 2019, Plaintiff was forced to undergo a second emergency surgery at ACMH Hospital to remove his gall bladder.

31. Plaintiff was placed on an approximate two (2) week medical leave of absence to recover from this surgery.

32. Plaintiff informed Defendant of the medically required surgery and of his placement on an approximate two (2) week leave of absence.

33. Defendant approved Plaintiff's medical leave of absence.

34. Plaintiff returned to work approximately two (2) weeks after his surgery.

35. On or around September 16, 2019, Plaintiff used a chair with back support as an accommodation for his recovery from back surgery as requested by Dr. Conry.

36. However, Mr. Hunt (Owner) yelled at Plaintiff for using the chair and told him to put it back where he found it.

37. Mr. Hunt refused to provide Plaintiff with his requested reasonable accommodation.

38. On September 20, 2019, Mr. Hunt (Owner) called Plaintiff and told him that he should not be working due to his "medical issues." Mr. Hunt terminated Plaintiff.

39. Mr. Hunt (Owner) was directly referring to Plaintiff's disabilities when he cited Plaintiff's "medical issues" as the reason for his termination.

40. It is Plaintiff's position that he was discriminated against due to his disability and denied a reasonable accommodation and retaliated against for requesting a reasonable accommodation in violation of the ADA.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

42. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

43. Plaintiff was qualified to perform the job.

44. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

45. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse

employment action.

46. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

47. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

48. The purported reason for Defendant's decision is pretextual.

49. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

50. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

51. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

54. Plaintiff has disabilities that substantially limit major life activities.

55. Plaintiff was qualified to perform the job.

56. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

57. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

58. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

59. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

60. The purported reason for Defendant's decision is pretextual.

61. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

62. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

63. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III - RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

64. The foregoing paragraphs are incorporated herein by reference as though set forth in full.

65. Plaintiff engaged in activity protected by the ADA when he requested reasonable accommodations.

66. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

67. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV - RETALIATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

68. The foregoing paragraphs are incorporated herein by reference as though set forth in full.

69. Plaintiff engaged in activity protected by the ADA when he requested reasonable accommodations.

70. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

71. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Kenneth Kohler, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment

practices which discriminate in violation of the ADA and the PHRA.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: March 25, 2021    **By:** */s/ David M. Koller*
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*